HILL v. EAST MISSISSIPPI ELECTRIC POWER ASS'N.

(Division B. April 21, 1947.)

[30 So. (2d) 61. No. 36426.]

856

Neal Prisock and Z. A. Brantley, both of Louisville, for appellant.

B. A. Duncan, of Meridian, and R. W. Boydstun, of Louisville, for appellee.

**Alexander, J.,** delivered the opinion of the court.

The power association sued appellant upon a promissory note in the principal sum of $60 and recovered judgment. The consideration therefor was a contract between the parties whereunder the power association agreed to install certain electric services, including three outlets and switch, in appellant's barn. The testimony is without dispute that the barn was not wired nor furnished any electric outlet.

Appellee rests its case upon the fact of execution by appellant of a so-called "Certificate of Satisfaction" of the following tenor:

"Date: February 11, 1941
"To Whom It May Concern:

"We hereby certify that we have executed and delivered to R. E. Jurnigan a note in favor of East Mississippi Electric Power Association for $60.00 which represents the balance due for the satisfactory installation of wiring in our premises. We further certify that there is no agreement, written or oral, between us and the contractor

or the Corporation, altering our unqualified agreement to pay as provided in the aforesaid note.''

The trial court directed a verdict for the plaintiff, appellee here, on the strength of this certificate.

The certificate is at best ambiguous, suggesting, on the one hand, an acknowledgment by the maker that the work has been satisfactorily performed and accepted, and, on the other hand, an acknowledgment by the payee that the note has been accepted in consideration of future satisfactory compliance with the contract. We do not, however, construe it.

The contract between the parties, the note, and the certificate were executed the same day. According to undisputed testimony, no part of the work had then been done. All three documents, therefore, were parts of the contract and in no degree lessened the duty of the association nor the rights of Hill thereunder. To undertake to treat the certificate as working an estoppel against Hill would be to work fraud upon him. If it were executed as a premature acceptance of whatever installation was to be thereafter made, appellant would thereby have placed himself at the mercy of appellee who could thereafter ignore the contract to perform and yet insist upon the contract to pay. Appellee may not invoke such a construction.

We must hold that the obligations of the contract were not impaired nor waived by the execution of the certificate upon an assumption that the work would thereafter be performed satisfactorily.

We hold, therefore, that there was at least a partial failure of consideration, and that it was error to direct a verdict for the association.

Reversed and remanded.